IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LOVED ONES IN HOME CARE, LLC, et. al

      Plaintiffs,

v.                               CIVIL ACTION NO. 2:19-cv-00134

MARK TOOR,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion to Dismiss First Amended Complaint [ECF No. 24]. For the following reasons, the Motion is **GRANTED**.

I.    **Introduction**

This case arises out previous lawsuits filed by the defendant against the plaintiff Loved Ones in Home Care, LLC, ("Loved Ones"). Loved Ones is a defendant in several lawsuits; including a collective action pending before the Honorable John T. Copenhaver Jr., Civil Action No. 2:19-cv-00134, and this court, Civil Action No. 2:18-cv-01334. The First Amended Complaint [ECF No. 23] alleges, inter alia, that the defendant, the plaintiff's attorney in those cases, used threats of litigation by filing "frivolous lawsuits" against the plaintiff in order to extort attorney's fees. Am. Compl. 1 [ECF No. 23]. The Amended Complaint alleges three counts, one federal claim and two state law claims: Count 1, a § 1983 claim; Count 2, defamation; and Count 3, tortious interference with contract relationships. *Id.*

For the § 1983 claim, the plaintiff alleges that the defendant, acting under "color of state law," filed a number of harassing lawsuits that constituted an effort to deprive the plaintiff Donna Skeen of her civil rights. *Id.* That is, all of the defendant's "actions taken together demonstrate a pattern and practice showing intent to use the procedural rules of the State court system to extort a far greater amount of money from the Plaintiff than the facts of any actual FLSA case or controversy justifies." *Id.* ¶ 16.

The defendant moved to dismiss under 12(b)(1) and 12(b)(6), arguing that this court lacks subject matter jurisdiction to hear the case because the plaintiffs have failed to state a claim invoking this court's jurisdiction. The defendant argues that because the parties are non-diverse, jurisdiction must vest on federal question. The defendant goes on to argue that because the only federal claim alleged fails as a matter of law, this court lacks supplemental jurisdiction over the state law claims. Therefore, the defendant argues, the Amended Complaint must be dismissed. I agree.

II. Legal Standard

a. 12(b)(1)—Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

There are two ways in which a defendant may present a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. In such a case, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. Where a complaint invoking federal question jurisdiction "is not colorable," it should be dismissed under rule 12(b)(1). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006).

b. 12(b)(6)—Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Id.* When reviewing the sufficiency of the complaint, the court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

#### a. Federal Jurisdiction

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship," 28 U.S.C. § 1332. The allegations contained in the Amended Complaint do not fall within the scope of either form of this court's limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading. First, there is no basis for a finding of diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties, and both parties acknowledge that diversity does not exist. Second, the essential allegations contained in the Amended Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, the Amended Complaint, as discussed below, fails to state a § 1983 claim (the only federal claim), and thus does not state a claim cognizable under this court's federal question jurisdiction.

b. Failure to State a § 1983 Claim

Title 42 U.S.C. § 1983 is a federal statutory remedy available to those deprived of rights secured to them by the Constitution and, in a more sharply limited way, the statutory laws of the United States. Section 1983 provides pertinently as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. One alleging a violation of § 1983 must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).

The statutory color-of-law prerequisite is synonymous with the more familiar state-action requirement—and the analysis for each is identical. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180–81 (4th Cir. 2009); *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982) (stating "it is clear that in a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical."); *Moore v. Williamsburg Reg'l Hosp.,* 560 F.3d 166, 178 (4th Cir. 2009) ("The same analysis

applies to whether an action was taken 'under color of state law' as required by § 1983 and whether the action was state action.").

It has been observed that "merely private conduct, no matter how discriminatory or wrongful," fails to qualify as state action. *See Mentavlos,* 249 F.3d at 301 (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). Overwhelmingly, courts, including the Supreme Court, have found that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Ct. v. Dodson*, 454 U.S. 312, 318 (1981) (collecting cases); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding that "it is a question that other circuit courts, with complete unanimity, have answered by declaring unequivocally that there is a lack of state action in such a situation, and, consequently, no liability under § 1983"); *see also Galloway v. Gainer*, No. 2:17-cv-58, 2017 WL 2825932, at *2 (N.D. W. Va. June 3, 2017) ("Private attorneys and public defenders do not act under color of state law by being part of the state judicial system or being paid by a state agency."); *Marcantoni v. Bealefield*, 734 F. App'x 198, 199 (2018) ("[P]rivate attorneys do not act under color of state law and a § 1983 suit may not be maintained against an attorney based on his representation.").

The plaintiffs argue that because the defendant used the state court system to file lawsuits, he was action "under color of state law." However, because the defendant is a private attorney and not a state actor, the plaintiffs' § 1983 claim against him

6

fails. I also find the plaintiffs' hypothetical about magicians weaponizing unwary deputies through hypnosis to pull over and beat black drivers, Plfs.' Resp. [ECF No. 27], is not based in law. Indeed, the three cases the plaintiff cites to support the theory of "weaponizing" a state actor are unavailing: *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), answered when a municipality is liable under § 1983 for a decision by municipal policymakers on a single occasion; *Morse v. Fusto*, 804 F.3d 538 (2d Cir. 2015), discussed the liability of a prosecutor for fraudulently altering evidence; and *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014), addressed whether prosecutors violated the plaintiff's civil rights by fabricating evidence. These cases are neither helpful to the plaintiffs nor contrary to the clear weight of authority finding that private attorneys do not act under color of state law as "officers of the court."

Without federal question jurisdiction or diversity jurisdiction, this court lacks supplemental jurisdiction to hear the state law claims. 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction . . . ."); *see Bellamy v. White*, No. 4:14-3049-JMC-KDW, 2014 WL 11309743, at *2 (D.S.C. Aug. 8, 2014) ("[I]n absence of any plausible claims arising under either federal question or diversity jurisdiction . . . , there is also no basis for this court to exercise supplemental (pendent) jurisdiction."). Accordingly, the defendants Motion to Dismiss [ECF No. 24] is **GRANTED,** and the plaintiffs' Amended Complaint is **DISMISSED**.

IV. Conclusion

For the forgoing reasons, the defendant's Motion to Dismiss [ECF No. 24] is **GRANTED**. As such, Count 1 is **DISMISSED with prejudice** and Counts 2 & 3 are **DISMISSED without prejudice**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: June 27, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE